IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37011-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONTY RAY BOCKMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Monty Bockman appeals from a conviction for possession of methamphetamine, challenging aspects of his judgment and sentence. We affirm the conviction and remand to correct the judgment.

## FACTS

Although discussion of the underlying incident is unnecessary to resolution of the challenges presented by the appeal, Mr. Bockman also filed a statement of additional grounds (SAG) that suggests brief consideration of the facts is in order. The charge arose after a Kennewick Police Department Officer, Craig Hanson, arrested Mr. Bockman. A search incident to the arrest discovered two pipes in Mr. Bockman's coat pocket.

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

The parties stipulated to the facts of the arrest at a CrR 3.6 hearing and the court found the evidence admissible. A laboratory technician testified that her analysis established that methamphetamine residue was present on the pipes. Officer Hanson and the technician were the sole witnesses at the brief jury trial. The jury found Mr. Bockman guilty as charged.

After the court imposed a low-end standard range sentence, Mr. Bockman timely appealed to this court. A panel heard the case without conducting argument.

ANALYSIS

The appeal raises two technical challenges to the judgment and sentence; the State concedes, properly, both challenges. The assessment of community supervision fees should be struck from the judgment and sentence. Likewise, that document should be corrected to indicate that the offense date was January 12, 2019, rather than the earlier date currently listed.

The SAG raises three factual challenges and one legal challenge. The factual challenges—that Officer Hanson allegedly is not a certified officer, that the forensic scientist was not a forensic scientist, and that a federal judge should preside over the trial—are not supported by the record. Any remedy for these alleged errors would have to come in a personal restraint petition that includes supporting evidence for the allegations as well as legal argument. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

2

No. 37011-9-III
*State v. Bockman*

The other SAG challenge alleges that the case was filed at the Benton County Justice Center in Kennewick instead of at the county courthouse in Prosser. Benton County is permitted to maintain clerk's offices in both locations. *Staples v. Benton County ex rel. Bd. of Com'rs.*, 151 Wn.2d 460, 89 P.3d 706 (2004). This claim is without merit.

The conviction is affirmed and the case remanded to make the noted corrections.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.